## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CINDY SCHULER**, *on behalf of herself and all others similarly situated*,<br><br>                              *Plaintiff*,<br><br>        v.<br><br>**CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY**,<br><br>                              *Defendant*. | Civil Case No.:  ___23-1697___<br><br>**COMPLAINT - CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     This action arises out of the relentless marketing practices of Defendant, CHW Group, Inc. d/b/a Choice Home Warranty ("CHW" or "Defendant") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2.     CHW makes, or has made on its behalf, aggressive telemarketing calls soliciting its home warranty products and services.

3.     These calls are made to individuals on the National Do-Not-Call Registry.

4.     CHW continues to make these calls even after the called party requests that CHW cease calling.

5.     The TCPA prohibits making telemarketing calls to individuals who have registered their telephone numbers on the National Do-Not-Call Registry.

6.     The TCPA also prohibits making telemarketing calls to a person who, like Ms. Schuler, has previously asked not to receive such calls and makes sellers like CHW liable for calls in violation of the TCPA's internal do-not-call rules.

7.     Accordingly, Ms. Schuler brings this action on behalf of herself and classes of

similarly situated individuals.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9.    This Court has jurisdiction over CHW because CHW is headquartered in this District, conducts business transactions in this District and CHW made calls from this District as part of the business it conducts in this District.

10.    Venue is proper in this District because CHW is headquartered in this District and because some of the wrongful conduct giving rise to this case occurred in and/or were directed from this District.

## PARTIES

11.    Plaintiff Cindy Schuler ("Ms. Schuler") is, and at all times mentioned herein was, a citizen and resident of Parker, Colorado.

12.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13.    CHW is, and at all times mentioned herein was, a New Jersey corporation headquartered at 2147 NJ-27, 4th Floor Edison, New Jersey 08817.

14.    CHW is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## TCPA BACKGROUND

15.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because

"telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

16.     Relevant here, the TCPA establishes a national "do not call" database of numbers not to be called.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

17.     These regulations are codified at 47 C.F.R. §§ 64.1200(e)(1-2).

18.     Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

19.     A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

20.     The TCPA also specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

21.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.*

22.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

23.     The FCC found that "the company-specific do-not-call list alternative is the most

effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

24.    However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

25.    These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

26.    Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

27.    These policies and procedures prohibit a company from making calls for telemarketing purposes[1] unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

28.    Accordingly, all telemarketing calls violate the TCPA, unless CHW can demonstrate that it has implemented the required policies and procedures.

---

[1] The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

29.    There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through §

227(c):

> Section 227(c)(5)… empowers 'any person' to sue for damages and
> injunctive relief for do-not-call violations 'by or on behalf of' a company.
> In accordance with this statutory provision, the Commission's company-
> specific do-not-call rules provide that '[n]o person or entity shall initiate
> any call for telemarketing purposes to a residential telephone subscriber
> unless such person or entity has instituted procedures for maintaining a list
> of persons who request not to receive telemarketing calls made by or on
> behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

30.    These requirements are separate but cumulative.  In other words, a company must

comply with both the procedures for the company specific do-not-call list *and* the procedures for

complying with the national "do not call" database regulations.  A failure to comply with either is

distinct a violation of 47 U.S.C. § 227(c).

31.    Though some of these requirements mention "residential" telephones, they were all

extended to cover calls to cellular telephones that are used for residential purposes. 47 CFR. §

64.1200(e).

32.    Further, a person or entity can be liable for calls made on its behalf in violation of

the TCPA, even if that person or entity did not directly dial such calls.  *See, e.g., In re Rules &*

*Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's

"rules generally establish that the party on whose behalf a solicitation is made bears ultimate

responsibility for any [TCPA] violations").  In fact, in May 2013, the FCC issued a binding

declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law

principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad

range of agency principles, including not only formal agency, but also principles of apparent

authority and ratification."  *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory*

*Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

33.     Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability.  Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

## FACTUAL ALLEGATIONS

34.     Ms. Schuler is the user of landline telephone number (XXX)-XXX-0488.

35.     Ms. Schuler's landline telephone number (XXX)-XXX-0488 is used for residential purposes and is not associated with a business.

36.     Ms. Schuler's landline telephone number (XXX)-XXX-0488 has been on the National Do-Not-Call Registry since June 28, 2003.

37.     Ms. Schuler personally placed her landline telephone number (XXX)-XXX-0488 on the National Do-Not-Call Registry.

38.     On or about February 16, 2023, Ms. Schuler began receiving telephone calls from CHW or a third-party calling on CHW's behalf soliciting her to purchase a home warranty.

39.     These calls came from changing ten-digit numbers.

40.     For example, on February 16, 2023 at 11:38am, Ms. Schuler received a call from telephone number (719) 665-5059.

41.     During this call, Ms. Schuler was transferred to a telemarketer named Daniel, who stated that he was with CHW and provided the website, "www.choicehomewarranty.com," when Ms. Schuler asked Daniel to provide his company's website.

42.     Ms. Schuler asked for a direct call back number, and Daniel provided (888) 531-5403 ext. 2200.

43.   Telephone number (888) 531-5403 is the telephone number listed for the claims department on CHW's website.[2]

44.   Ms. Schuler attempted to obtain additional information to confirm the identity of the company, however Daniel hung up the phone after telling Ms. Schuler that she "wasted enough of his time."

45.   On February 16, 2023 at 12:37pm, Ms. Schuler received a second call from CHW from telephone number (480) 879-9055 soliciting her to purchase a home warranty.

46.   During this call, Ms. Schuler asked to be placed on CHW's internal do-not-call list.

47.   The CHW telemarketer stated that Ms. Schuler "could do that herself" and hung up the phone.

48.   On February 17, 2023 at 4:36pm, Ms. Schuler received a third call from CHW from telephone number (720) 893-7351 soliciting her to purchase a home warranty.

49.   During this call, Ms. Schuler again asked to be placed on CHW's internal do-not-call list.

50.   On February 20, 2023 at 11:44am, Ms. Schuler received a fourth call from CHW from telephone number (719) 309-3062 soliciting her to purchase a home warranty.

51.   During this call, Ms. Schuler informed the CHW telemarketer that she already requested to be added to CHW's internal-do-not-call list.

52.   The CHW telemarketer acknowledged that she did.

53.   On February 21, 2023 at 12:49pm, Ms. Schuler received a fifth call from CHW from telephone number (719) 309-3062 soliciting her to purchase a home warranty.

___

[2]  *See* https://www.choicehomewarranty.com/ (last accessed March 21, 2023).

7

54.     This call utilized an artificial or prerecorded voice.

55.     Ms. Schuler knew that this call utilized an artificial or prerecorded voice because she was presented with several options from an automated menu.

56.     One of the options was for Ms. Schuler to press 9 to opt-out of future calls.

57.     Ms. Schuler pressed 9 to be opted out of future calls.

58.     On February 23, 2023 at 9:04am, Ms. Schuler received a sixth call from CHW from telephone number (719) 602-5990 soliciting her to purchase a home warranty.

59.     The CHW telemarketer identified herself as "Jasmine" and stated she was calling on behalf of CHW.

60.     Ms. Schuler asked Jasmine if she was calling form a call center or if she worked directly for CHW.

61.     Jasmine stated that she worked directly for CHW.

62.     Ms. Schuler again asked to be removed from CHW's calling list.

63.     Ms. Schuler did not provide prior express invitation or permission or consent for these telephone calls.

64.     To the contrary, in response to the unwanted calls, Ms. Schuler repeatedly requested that they stop.

65.     CHW, did not have written do-not-call policies or procedures at the time of the calls it made to Ms. Schuler and the classes defined below.

66.     Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the continued telephone calls to Ms. Schuler after she directly asked not to be contacted.

67.    CHW's violations were negligent.

68.    Alternatively, CHW's violations were willful and knowing.

69.    Ms. Schuler and the classes were damaged by the violations alleged herein.  Their privacy was improperly invaded, the CHW's calls temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities to address the unwanted telephone calls.  CHW's telephone calls and text messages were annoying and a nuisance, and wasted the time of Ms. Schuler and the class members.  *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## DEFENDANT'S LIABILITY

70.    CHW used automated systems to make outbound telephonic sales calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

71.    Certain of these calls utilized an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b).

72.    For violations of 47 U.S.C. § 227(b), Ms. Schuler is entitled to a minimum of $500 per call.  *See* 47 U.S.C. § 227(b)(3)(B).

73.    Ms. Schuler is entitled to $1,500 per call if CHW's actions are found to be knowing or willful. *See* 47 U.S.C. § 227(b)(3)(C).

74.    In addition, CHW made two or more telephone solicitations to Ms. Schuler, whose number was on the National Do-Not-Call Registry at the time of the telephone calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

75.    Accordingly, for violations of 47 C.F.R. § 64.1200(c), Ms. Schuler is entitled to $500 per call through 47 U.S.C. § 227(c).

76.     Ms. Schuler is entitled to $1,500 per call if CHW's actions are found to be knowing or willful.

77.     CHW placed two or more telemarketing calls to Ms. Schuler, despite not having in place the required policies and procedures prior to making such calls.  This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.6200(d).

78.     Accordingly, for violations of 47 C.F.R. § 64.1200(d), Ms. Schuler is entitled to $500 per call through 47 U.S.C. § 227(c).

79.     Ms. Schuler is entitled to $1,500 per call if CHW's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

80.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of three proposed "Classes," as defined as follows:

## THE TCPA CLASSES

Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called (2) using an artificial or prerecorded voice message (3) for the same purpose Plaintiff was called.

("Prerecorded Class")

Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls from four (4) years prior to the filing of the Complaint.

("Registry Class")

Plaintiff and all persons within the United States whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period, including at least one after the person requested that the calls or messages stop from four (4) years prior to the filing of the Complaint..

10

("Policy Class").

(The Prerecorded Class, the Registry Class and the Policy Class are collectively referred to herein as the "Classes.")

81.    Excluded from the Classes are CHW and any entities in which CHW has a controlling interest; CHW's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

82.    The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

83.    The exact number and identities of the persons who fit within the Classes are ascertainable in that CHW and third parties maintain written and electronically stored data showing:

     a.    The time period(s) during which CHW or its agent made the telephone calls;

     b.    The telephone numbers to which CHW or its agent made telephone calls;

     c.    The telephone numbers for which CHW had prior express written consent;

     d.    The purposes of such telephone calls; and

     e.    The names and addresses of Class members.

84.    The Classes are comprised of hundreds, if not thousands, of individuals.

85.    There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

     a.    Whether CHW (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

     b.    Whether CHW (or someone acting on its behalf) makes telemarketing calls;

    c.   Whether CHW (or someone acting on its behalf) obtains prior express written consent;

    d.   Whether CHW or the entities with which they contract make solicitation calls and to telephone numbers registered on the National Do-Not-Call Registry;

    e.   Whether CHW had the required policies and procedures prior to making telemarketing calls;

    f.   Whether CHW's statutory violations were willful and knowing; and

    g.   Whether CHW should be enjoined from engaging in such conduct in the future.

86.    Plaintiff is a member of the Classes in that CHW placed two or more calls for telemarketing purposes, in a one-year period to her telephone number, without her prior express written consent, after she asked CHW to stop, and while her telephone number was on the National Do-Not-Call Registry.  In addition, certain of these calls utilized an artificial or prerecorded voice.

87.    Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from CHW's uniform conduct and are based on the same legal theories as these claims.

88.    Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to CHW's unwanted calls and suffered a nuisance and an invasion of their privacy.

89.    Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

90.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

91.    CHW has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

92.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

93.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

94.    Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Prerecord Class)**

95.    Ms. Schuler and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

96.    CHW placed, or had placed on its behalf, prerecorded telephone calls to Ms. Schuler's and Class Members' telephone numbers without prior express consent.

97.    The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b).

98.    CHW has therefore violated 47 U.S.C. § 227(b).

99.    As a result of CHW's unlawful conduct, Ms. Schuler and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

100.    Ms. Schuler and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 277(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Registry Class)

101.    Ms. Schuler and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

102.    CHW made, or had made on its behalf, telephone solicitations to Ms. Schuler's and putative Registry Class Members' telephone numbers.

103.    Ms. Schuler's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

104.    Ms. Schuler and putative Registry Class Members each received two or more such calls in a 12-month period.

105.    Ms. Schuler and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

106.    Ms. Schuler and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On behalf of Plaintiff and the Policy Class)

107.    Ms. Schuler and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

108.    CHW made numerous telephone calls for telemarketing purposes to Ms. Schuler's and putative Policy Class Members' telephone numbers.

109.    CHW did so despite not having a written policy pertaining to "do not call" requests.

110.    CHW did so despite not having such a policy available "upon demand."

14

111.    CHW did so despite not training their personnel on the existence or use of any internal "do not call" list or policy.

112.    CHW did so despite not recording or honoring "do not call" requests.

113.    CHW made two or more telemarketing calls to Ms. Schuler and putative Policy Class Members' telephone numbers in a 12-month period.

114.    Ms. Schuler and putative Policy Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

115.    Ms. Schuler and putative Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    An order certifying the Classes as defined above, appointing Ms. Schuler as the representative of the Classes and appointing their counsel as Class Counsel;

B.    An order declaring that CHW's actions, as set out above, violate the statutes referenced herein;

C.    An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting CHW from engaging in the wrongful and unlawful acts described herein;

D.    An award of statutory damages;

E.    An award of treble damages; and

F.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** March 24, 2023

> s/ *Max S. Morgan*
> Eric H. Weitz, Esquire
> Max S. Morgan, Esquire
> **THE WEITZ FIRM, LLC**
> 1515 Market Street, #1100
> Philadelphia, PA 19102
> Tel: (267) 587-6240
> Fax: (215) 689-0875
> max.morgan@theweitzfirm.com
> eric.weitz@theweitzfirm.com